UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rochel Goldklang, individually and on behalf of all others similarly situated,<br><br>                         Plaintiff,<br><br><br>   -v.-<br><br>Cavalry SPV I, LLC, Cavalry Portfolio Services, LLC and John Does 1-25,<br><br>                       Defendant(s). | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rochel Goldklang (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC against Defendant Cavalry SPV I, LLC (hereinafter "Defendant Cavalry SPV") and Defendant Cavalry Portfolio Services, LLC (hereinafter "Defendant CPS") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time,

Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as Defendant's primary place of business is located in this district.

5. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

8.     Plaintiff is a resident of the State of New York, County of Rockland, residing at 80 Truman Ave, Unit 111, Spring Valley, NY 10977-8182.

9.     Defendant Cavalry SPV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 500 Summit Lake Drive, Valhalla, NY 10595.

10.    Upon information and belief, Defendant Cavalry SPV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11.    Defendant CPS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 500 Summit Lake Drive, Valhalla, NY 10595.

12.    Upon information and belief, Defendant CPS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13.    John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

14.    Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15.    The Class consists of:

   a. all individuals with addresses in the State of New York;

    b. to whom Defendant CPS sent a collection letter attempting to collect a consumer debt

    c. on behalf of Cavalry SPV I, LLC;

    d. that deceptively and misleadingly fails to clearly state the balance due;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e and §1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

24. Some time prior to May 25, 2018, an obligation was allegedly incurred to creditor Citibank, N.A.

25. The CITIBANK, N.A.obligation arose out of transactions involving personal, family or household purposes obtained by Plaintiff from CITIBANK, N.A.and was incurred primarily for personal, family or household purposes.

26. The alleged CITIBANK, N.A.obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27. CITIBANK, N.A.is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

28.     Defendant Cavalry SPV subsequently purchased the Citibank, N.A. and contracted with the Defendant CPS to collect the alleged debt.

*Violation – May 25, 2018 Collection Letter*

29.     On or about May 25, 2018, Defendant CPS sent the Plaintiff an initial collection letter (the "Letter") on behalf of Defendant Cavalry SPV regarding the alleged debt owed to Citibank, N.A. See a true and correct copy of the Letter attached at Exhibit A.

30.     The top of the letter reads:

> Charge off balance: $4887.89
> Interest since charge off: $.00
> Other Charges of Fees since charge off: $.00
> Payments since charge off: $.00
> Balance Due: $4823.69*

31.     The asterisk is explained at the bottom of the Letter as follows: "The amount you owe is the amount stated at the top of this letter as Outstanding Balance. Any difference between the Charge Off Balance, and the Outstanding Balance, is due to the application of credits to your account prior to the date of this letter."

32.     The letter is confusing and misleading. The asterisk refers to the phrase "Outstanding Balance," at the top of the letter, however, this phrase appears nowhere in the letter.

33.     Therefore, the explanation provided in the asterisk has no meaning and serves only to mislead and confuse the consumer as the true balance cannot be determined from the letter.

34.     The Plaintiff could not determine the correct amount owed from the letter because the letter says that amount would be stated after the phrase "Outstanding Balance," which does not appear in the letter.

35.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

(1) <u>the amount of the debt</u>;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

36.     These required disclosures set forth in §1692g(a) are more commonly known as the "G Notice".

37.     Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." <u>Russell v. EQUIFAX A.R.S.</u>, 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or

contradicts' other language informing a consumer of her rights . . . violates the Act." <u>Russell</u>, 74 F.3d at 34.

38.     Defendant's Letter violates §1692g(a)(1) as it fails to clearly identify the amount of the debt owed by Plaintiff.

39.     Upon receipt of this notice Plaintiff was confused as to what the actual balance was, because the letter stated that the amount owed would be preceded by the phrase "Outstanding Balance" which does not appear in the letter.

40.     Plaintiff incurred an informational injury as she could not ascertain from the deceptive and misleading Letter the amount she presently owed on the debt.

41.     Further, Defendant's letter is a false representation of the amount of the debt.

42.     As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

43.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

45.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46.     Defendant violated §1692e :

   a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2).

b. By making a false and misleading representation in violation of §1692e(10).

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.***

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

50. Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;

2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt

       collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

51. Defendant violated 15 U.S.C. §1692g by failing to clearly communicate the amount of the debt allegedly owed by Plaintiff.

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

53. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rochel Goldklang, individually and on behalf of all others similarly situated, demands judgment from Defendant Cavalry SPV I, LLC, and Defendant Cavalry Portfolio Services, LLC. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4.   Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.   Awarding pre-judgment interest and post-judgment interest; and

6.   Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  April 16, 2019                                   Respectfully Submitted,

**STEIN SAKS, PLLC**

*/s/ Raphael Deutsch*
Raphael Deutsch, Esq.
285 Passaic Street
Hackensack, NJ 07601
(201) 282-6500
(201) 282-6501  Fax
rdeutsch@steinsakslegal.com
*Counsel for Plaintiff*